

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 31, 1939

Honorable R. T. Burns
County Attorney
Walker County
Huntsville, Texas

Dear Sir:

Opinion No. O-741-A
Re:	The obligation of surety on
	bail bond where defendant
	does not surrender or is
	not a arrested.

Your letter of the 1st. instance received. You state that in 1937 two defendants were each charged with violating the local option liquor laws and that each was convicted. The punishment assessed in each case was a fine of $100.00 and costs. Both cases were appealed to the Court of Criminal Appeals, each defendant entering into recognizance in which the penalty of the bond was $300.00. The cases were affirmed but before the mandate was filed in the trial court both defendants had left for parts unknown. You are seeking a forfeiture of these bonds and the claim is made that the trial judge may enter an order permitting the sureties to pay the cost without payment of fine or the penalty of the bond. This contention is based on Article 864, Code of Criminal Procedure. Articles 830 and 831, Code of Criminal Procedure, provide for bail pending misdemeanor appeals and for the form of the bail. Article 439, Code of Criminal Procedure, provides:

> "If, before final judgment is entered against the bail, the principal appear or be arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond or recognizance."

Article 851, Code of Criminal Procedure, is "in misdemeanor cases where the judgment has been affirmed, no proceedings need be had after filing the mandate, except

to forfeit the recognizance for the defendant, or to issue capias for the defendants, or an execution against his property, to enforce the judgment of the court, as if no appeal had been taken."

Article 864, Code of Criminal Procedure provides an appeal may be taken by the defendant from every final judgment rendered upon a recognizance, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for $20.00 or more, exclusive of costs, but not otherwise.

In Hogg v. State, 48 S. W. 580, the court says:

"After awarding a mandate, no action can be taken in the court below, except to forfeit the recognizance for the defendant, or to issue a capias for him or an execution against his property, to enforce the judgment of the court."

In ex parte Salisbury, 265 S. W. 696, the court says:

"On the facts revealed by the present record, at the time the mandate was filed, it was the privilege of the state to enforce the judgment by seizing the appellant under a capias profine, by forfeiting the recognizance, by proceeding against sureties or by issuing execution against his property. See Carlton v. State, 45 Tex. Cr. Apps. 73 S. W. 1044. The duty or proceeding by one of these methods was upon the officers of the state. A duty likewise rested upon the appellant, and the sureties upon his recognizance. He might have paid the fine or surrendered himself; so might the surety. None of the officers of the state had the right to affirmatively release the appellant or waive the state's rights to the satisfaction of the judgment of the court."

In Johnson v. State, 10 S. W. 406, the court says:

"In order to defeat an obligation founded on Article 854, Code of Criminal Procedure, (1879) the appeal must not only be prosecuted with effect, but the stipulated fine and costs must also be paid."

You inquire if under Article 864 of the Code of
Criminal Procedure the defendnt may satisfy his recogni-
zance by paying the costs. We answer no for the reason
that Article 864 does nothing more than permit an appeal
and that under Article 439, Code of Criminal Procedure,
the court has no discretion unless the principal appear or
be arrested and lodged in jail in which event the court may
exercise discretion, and that in the language of Johnson v.
State, supra,

> In order to defeat an obligation found-
> ed on Article 854 |1879|, Code of Criminal
> Procedure, the appeal must not only be prose-
> cuted with effect, but the stipulated fine
> and costs must also be paid.

The sureties on the respective appeal bonds are
bound to pay the costs and the fine as assessed in the
trial court, and failing to do that, are bound in the full
penalty of the bond.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Albert S. Rollins
Assistant

ASR:FL

APPROVED:


ATTORNEY GENERAL OF TEXAS